Per Curiam.
—So much of the motion as included the application to strike out the answer is disposed of by the fact that it consists, in part in the denial of the material allegations contained in the complaint, and the practice is well settled that such denials cannot be stricken out. There is no proof that the subdivisions of the answer, which by the notice it was asked should be stricken out,, were in no respect sham, and they in no way waived or superseded the denials contained in the answer.
The other paragraphs which it was asked should be striken out as irrelevant are not so in fact. They are entirely relevant to the defenses and cannot be stricken out.
There is but one counter-claim set up in the answer, although the allegations relating to it are unnecessarily divided. They should all have been contained in the portion of the answer relating to the counter-claim, but the fact that they have not been does not render them irrelevant or inapplicable to the defense. The counter-claim has been sufficiently allowed, and the statements made concerning it are all necessary for the presentation, and so are those relating to the misrepresentations and the alleged mistake under which the defendant subscribed the instrument set forth in the complaint. The substance of the answer is that he was induced to subscribe that instrument acknowledging himself to be indebted to the plaintiff in the sum of $46,815 by misrepresentations made on behalf of the plaintiff by his agent concerning the sale of 400,000 bushels of grain, and that the prices realized on the sale of such grain .in which the defendant was entitled to participate, yielded a profit sufficient or even more than sufficient *296 to liquidate t1 /s balance and to exonerate. him from any indebtedness Whatever.
These ma 1 tiers all very clearly appear from the answer, and while inartistically set forth, and divided into unnecessary fragments, they, taken together, do present a meritorious and substantial defense. They accordingly could not be set aside or stricken from the answer; neither was there any necessity for enlarging or extending the allegations in the particulars in which it was urged that the answer should be made more definite and certain. It was-sufficiently so already. .
As to the bill of particulars the affidavits show the inability of the defendant to make or serve it on account of the books of the business being in the possession of the plaintiff. But in addition to that a preceding motion applied for an order requiring the defendant to serve a. bill of particulars, and that was expressly denied by the court. ,
As the case comes before this court on the appeal, it appears to have been properly disposed of at the special ■term.
The order should be affirmed, with ten dollars costs and disbursements to abide the event.